**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 37451**

| | |
|---|---|
| STATE OF IDAHO, | 2010 Unpublished Opinion No. 734 |
| Plaintiff-Respondent, | Filed: December 8, 2010 |
| v. | Stephen W. Kenyon, Clerk |
| TIMOTHY RAY HEDA, | THIS IS AN UNPUBLISHED |
| Defendant-Appellant. | OPINION AND SHALL NOT BE CITED AS AUTHORITY |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Timothy Hansen, District Judge.

Judgment of conviction and unified sentence of ten years, with a minimum period of confinement of two years, for felony driving under the influence, affirmed; order denying I.C.R. 35 motion for reduction of sentence, affirmed.

Molly J. Huskey, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before GUTIERREZ, Judge; GRATTON, Judge;
and MELANSON, Judge

---

PER CURIAM

Timothy Ray Heda pled guilty to felony driving under the influence. I.C. § 18-8004, 18-8005(9). In exchange for his guilty plea, the state agreed not to pursue an allegation that Heda was a persistent violator. The district court sentenced Heda to a unified term of ten years, with a minimum period of confinement of two years. Heda filed an I.C.R 35 motion, which the district court denied. Heda appeals.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State*

1

*v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Heda's Rule 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *Lopez*, 106 Idaho at 449-51, 680 P.2d at 871-73. Upon review of the record, we conclude no abuse of discretion has been shown.

Therefore, Heda's judgment of conviction and sentence, and the district court's order denying Heda's Rule 35 motion, are affirmed.